IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHRISTOPHER HARRIS,

    Plaintiffs,                           CASE NO. :

v.                                            HON.

CITY OF DETROIT, a municipality
POLICE OFFICER JEJUAN JETTER,
POLICE OFFICER MICHAEL DUBAC,
And POLICE OFFICER MICHELS,
in their individual and official capacities,
Jointly and Severally,

_____/

KHAMO LAW
BRANDON MCNEAL (P81300)
Attorneys for Plaintiff
1120 E. Long Lake Road, Suite 250
Troy, MI 48085
248-466-0606 / 248-466-0605 Fax
brandon@khamolaw.com

_____/

## COMPLAINT and JURY DEMAND

There is another pending case between other parties arising from the transaction or occurrence alleged in the complaint, which is before the Honorable Shalina D. Kumar, Case No. 21-12342

/s/ Brandon McNeal
Brandon McNeal (P81300)

**NOW COME** the Plaintiff, by and through his attorneys, and for his Complaint against the Defendants states as follows:

## PARTIES

1. At all pertinent times, Plaintiff was a resident of Wayne County, and citizen of the State of Michigan.

2. Police Officer Jejuan Jetter, Police Officer Michael Dubac, Police Officer Michels (hereafter Individual Defendants), were citizens of the State of Michigan, and at all pertinent times worked and were employed by the City of Detroit in Wayne County.

3. Defendant City of Detroit is a municipal corporation located in Wayne County, Michigan and operates subject to the laws and constitutions of both the State of Michigan and the United States of America.

## JURISDICTION AND VENUE

4. Individual Defendants were at all pertinent times employed by the City of Detroit and were at all pertinent times, acting pursuant under color of state law and pursuant to customs, policies, and practices of Defendant City of Detroit.

5. Plaintiff brings this action under the laws of the State of Michigan, the United States Constitution, and 42 U.S.C. §1983.

6. Venue is appropriate because the events giving rise to this action occurred entirely in Wayne County, Michigan.

7. The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000) and is otherwise within this Court's subject matter jurisdiction.

## FACTUAL ALLEGATIONS

8. On or about August 9, 2021, Plaintiff was walking on the sidewalk in the area of Milwaukee and E. Grand Blvd in Detroit, Michigan.

9. At that time, a vehicle (Blue Dodge Charger) appeared to lose control and unintentionally struck the driver's side of a parked undercover unmarked police car (Gray Dodge Charger) occupied by undercover plainclothes Defendants Jejuan Jetter and Eugene Fielder.

10. Immediately after the accident, several males exited the vehicle and ran around the car and to the north into a crowd of people, including Plaintiff.

11. At no time did Plaintiff witness the males with a weapon.

12. At no time did Plaintiff hear either Defendant Jetter or Fielder identify themselves as a police officer.

13. Defendant Jetter exited the undercover unmarked police vehicle, without announcing he was a police officer, shot at one of the males (later identified as Michael Adams) several times as he ran in the opposite direction, still unarmed.

14. Multiple shots missed Plaintiff's body and head by mere inches.

15. Plaintiff witnessed one of the male's body on the ground, bleeding profusely.

16. The Plaintiff realized that Defendant Jetter shot at the male and that the bullet missed striking the Plaintiff.

17. Shortly thereafter, Defendant Dubac and Defendant Michel approached Plaintiff who had his hands up in the air.

18. Defendant Dubac and Defendant Michels immediately arrested Plaintiff by placing him in handcuffs behind his back.

19. Defendant Dubac and Defendant Michels then placed Plaintiff in the backseat of the patrol vehicle.

20. At no time did Police Officer Fielder ever prevent or intervene the actions of Defendant Jetter to stop him from his unlawful actions in using deadly force against Michael Adams and unreasonable and excessive force by shooting at Michael Adams while Plaintiff, and others in the crowd of people, were in the line of fire.

21. At all relevant times, Individual Defendant Officers were under the direction and control of Defendant City of Detroit, when exhibiting excessive and unreasonable force against Plaintiff and the group of innocent bystanders who one of the males was running towards without a weapon.

22. At all relevant times, Individual Defendant Officers were under the direction and control of Defendant City of Detroit, when arresting and detaining Plaintiff without probable cause or reasonable suspicion.

23. Except for the improper conduct by Defendant Jetter, no justification existed to use of any force, let alone potentially deadly force against the Plaintiff and the group of innocent bystanders.

24. Except for the improper conduct by Defendant Dubac and Defendant Michels, no justification existed to arrest or detain Plaintiff without probable cause or reasonable suspicion.

25. The conduct of the City of Detroit:

   a. Established or condoned customs, policies and/or practices pursuant to which Individual Defendant and unknown Defendant officers under the direction and control of Defendant City of Detroit, violated Plaintiff's well-established Constitutional rights;

   b. Failed to properly train, discipline and/or supervise Individual Defendants under the direction and control of Defendant City of Detroit and others such that they violated Plaintiff's well-established Constitutional rights;

   c. Denied Plaintiff fair treatment during the investigation;

   d. Denied Plaintiff's fair and equal treatment; and,

   e. Ratified, condoned, and/or permitted the conduct of Individual Defendant and unknown Defendant officers under the direction and control of Defendant City of Detroit;

26. The conduct of the Individual Defendants under the direction and control of Defendant City of Detroit:

   a. Exerted unnecessary and excessive force against Plaintiff;

   b. Wrongfully arrested Plaintiff without probable cause

    c.    Wrongfully detained Plaintiff without reasonable suspicion;

    d.    Wrongfully shot at Michael Adams while Plaintiff was in the line of fire in violation of his 4th Amendment rights;

    e.    Were grossly negligent, and made Plaintiff's condition worse after shooting him;

27.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages including, but not limited to:

    a.    Fear;

    b.    Anxiety;

    c.    Severe emotional distress;

    d.    The very real fear of being shot;

    e.    The fear of dying;

    f.    Mental anguish;

    g.    Loss of the enjoyment of life and life's pleasures;

    h.    Any and all damages allowable under Michigan or Federal Law.

**COUNT I**
**42 U.S.C. 1983 AGAINST INDIVIDUAL DEFENDANT JETTER;**
**STATE CREATED DANGER IN VIOLATION OF PLAINTIFF'S**
**CONSTITUTIONAL RIGHTS UNDER THE 14TH AMENDMENT OF THE**
**UNITED STATES CONSTITUTION TO SUBSTANSTIVE DUE PROCESS**

28.    Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

29.     Under the 'State Created Danger' theory, Plaintiff had a constitutional right under the substantive due process clause of the 14th Amendment of the United States Constitution to be free from Defendant Jetter, by affirmative acts, creating or increasing the risk of danger that Adams presented to Plaintiff.

30.     Adams presented no danger to Plaintiff while he was running away from Defendant Jetter.

31.     It was Defendant Jetter who increased the risk of harm and danger to Plaintiff by Jetter unreasonably shooting at Adams, which, miraculously did not strike and then harm or kill Plaintiff.

32.     The harm caused to Plaintiff by Defendant Jetter was foreseeable and fairly direct; specifically, Defendant Jetter knew there was someone in the line of fire when he shot at Michael Adams; Plaintiff.

33.     Defendant Jetter failed to protect Plaintiff from danger.

34.     Defendant Jetter placed Plaintiff specifically at risk of being shot – as opposed to the public at large.

35.     Defendant Jetter knew or should have known that unreasonably shooting at Adams endangered/would endanger Plaintiff.

36.     Defendant Jetter acted with deliberate indifference to the risk of danger posed to Plaintiff by recklessly and unreasonably shooting at Adams.

37. Defendant Jetter used his authority and via the affirmative act of unreasonably shooting at the unarmed Adams created the danger and increased the risk of danger to the Plaintiff and made the Plaintiff more vulnerable to injury.

38. The Individual Defendant officers' actions under the direction and control of Defendant City of Detroit were done in their individual capacities, and under color of state law.

39. As the direct and proximate result of Defendant Jetter using his authority to create and enhance the risk of danger to the Plaintiff and to make the Plaintiff more vulnerable to injury, Plaintiff sustained serious and permanent injuries as detailed in Paragraph 27, above.

40. Plaintiff therefore seeks money damages for all of the injuries and losses sustained from this unreasonable use of excessive force and creation of danger to the Plaintiff.

41. Further, Defendant Jetter acted with reckless indifference towards the federally-protected rights of Plaintiff by enhancing the risk of danger to him and making him more vulnerable to injury.

42. According, Plaintiff demands punitive damages.

**WHEREFORE**, Plaintiff demands judgment against this Defendant in an amount to be determined by a jury after a trial by jury, compensatory damages,

punitive damages, interest, costs, attorney fees and any/all other relief this Court may deem appropriate, whether legal or equitable.

**COUNT II**
**42 U.S.C. 1983 AGAINST INDIVIDUAL DEFENDANT JETTER;**
**EXCESSIVE FORCE IN VIOLATION OF THE 4TH AMENDMENT TO**
**THE UNITED STATES CONSTITUTION**

43. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

44. Defendant Jetter used unreasonable, excessive, deadly force by shooting at Adams while Plaintiff was in the line of fire.

45. This shooting at Adams while Plaintiff was in the line of fire constituted a seizure of the Plaintiff.

46. This use of deadly force was objectively unreasonable for, inter alia, the following reasons:

   a. Adams was unarmed and made no movement which would lead Jetter to reasonably believe that Adams possessed a weapon;

   b. Adams posed no immediate threat of harm, death, or serious bodily injury to Defendant Jetter or his partner, Fieder.

   c. Adams did not verbally threaten Defendant Jetter or his partnet with any violence;

   d. Clear, reasonable, less intrusive alternatives to the use of deadly force were available; and

  e. The force used was excessive in relation to the danger Adams posed if left unattended.

47. Defendant Jetter used unlawful, unreasonable, excessive, deadly force in shooting at Adams with a crowd of innocent people in the line of fire.

48. Defendant Jetter's use of deadly force was objectively unreasonable.

49. As a direct and proximate result of Defendant Jetter's unlawful use of excessive force, the Plaintiff has sustained the losses and harms specified earlier in this Complaint.

50. Accordingly, Defendant Jetter is liable to Defendant to Plaintiff for his unlawful use of deadly force.

51. Additionally, Defendant Jetter acted with reckless indifference to Plaintiff's federally-protected constitutional right to be free from an unlawful seizure of his person by using excessive force.

52. Plaintiff therefore demands punitive damages against this Plaintiff.

53. Defendant Jetter is not entitled to qualified immunity because shooting at Adams was objectively unreasonable.

54. No reasonable police officer in Defendant Jetter's shoes would have believed that they were not violating Adams and Plaintiff Harris' right to be free from unlawful seizure by shooting and possibly killing them.

**WHEREFORE**, Plaintiff demands judgment against this Defendant in an amount to be determined by a jury after a trial by jury, compensatory damages, punitive damages, interest, costs, attorney fees and any/all other relief this Court may deem appropriate, whether legal or equitable.

## COUNT III
## 42 U.S.C. 1983 AGAINST INDIVIDUAL DEFENDANT DUBAC AND DEFENDANT MICHELS; UNLAWFUL ARREST, IMPRISONMENT, AND DETAINMENT IN VIOLATION OF THE 4TH AMENDMENT TO THE UNITED STATES CONSTITUTION

55. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

56. Defendant Dubac and Defendant Michels unlawfully detained, arrested, and imprisoned Plaintiff by handcuffing Plaintiff and placing him in the backseat of a patrol car without reasonable suspicion or probable cause and for merely being a witness.

57. As a direct and proximate result of Defendant Dubac and Defendant Michels' actions, Plaintiff suffered injury and damages including, but not limited to those set forth in paragraph 27.

## COUNT IV
## MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF DETROIT UNDER 42 USC 1983

58. Plaintiff hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

59. At all times herein, Defendant City of Detroit with deliberate indifference to the constitutional rights of the Plaintiffs and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiffs' rights under the United States Constitution:

> a. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary bases for lawful investigations, use of force, handcuffing, detainment, imprisonment, and arrests;
>
> b. Hiring and/or retaining as law enforcement officers, supervisors, and certain persons whom the Defendant City of Detroit knew or had actual notice of using excessive force, arresting without probable cause and detaining individuals without reasonable suspicion;
>
> c. Failing to intervene when it knew of improper excessive force, wrongful arrest without probable cause, wrongful imprisonment and wrongful detainment of individuals without reasonable suspicion;
>
> d. Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing arrest without probable cause, wrongful detainment and improper use of force despite the history of the Consent Decree;
>
> e. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant City of Detroit;
>
> f. Setting customs, policies and practices for use of the Drag Racing Detail and other officers that violated the well-established Constitutional rights of individuals, including Plaintiffs, who were innocent bystanders;

60. Each of the customs, policies, or practices was known to Defendant City of Detroit as highly likely and probable to cause violations of the United States

constitutional rights of Plaintiffs and other individuals, and each was a moving force in the violations of the Plaintiffs' United States constitutional rights, as set forth herein.

61. As a direct and proximate result of Defendant City of Detroit's actions, Plaintiffs suffered injury and damages including those set forth in paragraph 27.

## COUNT V
## LIABILITY UNDER STATE LAW AGAINST INDIVIDUAL DEFENDANTS

62. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

63. Individual Defendant officers were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

64. The minor decision making involved in Individual Defendant officers' actions at all times relevant hereto were merely incidental to the execution of said Individual Defendant officers' ministerial-operational duties.

65. At all times relevant hereto, Plaintiff had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless

and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law and United States Constitution, by Individual Defendant officers.

66. At all times relevant hereto, Individual Defendant officers failed, notwithstanding their standard duty of due care to execute their said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

    a. To act in good faith, while shooting at and detaining Plaintiff;

    b. To act in good faith, while exerting excessive force upon Plaintiff;

    c. To comply with all applicable statutes, laws, rules, regulations and/or ordinances, including but not limited to the Michigan laws.

67. Notwithstanding these duties, Individual Defendant officers knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff in a manner violative of Michigan law, Federal law and the United States Constitution, by acting in bad faith and engaging in <u>ultra vires</u> conduct.

68. Notwithstanding these duties, Individual Defendant officers knowingly failed to fulfill their ministerial duties while on duty and acting during their employment and/or authority, under color of law and pursuant to customs, policies and/or practices, wrongfully detained and shot at Plaintiff in bad faith.

69. Notwithstanding these duties Individual Defendant officers deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill their ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

    a.    By wrongfully detaining, and shooting at Plaintiff.

    b.    By exerting excessive force on Plaintiff.

70. As a direct and a proximate result of Individual Defendant officers' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiff was injured.

71. As a direct and a proximate result of Individual Defendant officers' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff suffered and continue to suffer serious and permanent personal injuries, including physical and mental pain, mental anguish, severe emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, medical complications and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, and any other damages listed in paragraph 27.

**WHEREFORE**, Plaintiff demands judgment against this Defendant in an amount to be determined by a jury after a trial by jury, compensatory damages, punitive damages, interest, costs, attorney fees and any/all other relief this Court may deem appropriate, whether legal or equitable.

## COUNT VII
## GROSS NEGLIGENCE  UNDER STATE LAW

72. Plaintiff hereby re-allege and incorporate herein by reference all the prior paragraphs,  as though the same were fully set forth herein word for word.

73. Individual Defendant officers owed Plaintiff a duty of care, including but not limited to a:

   a. Duty to provide protection for Plaintiff when he was in a helpless condition;

   b. Duty not to make Plaintiff's condition worse after shooting at him;

   c. Duty to properly assure the safety of Plaintiff when he was in their care;

   d. Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff which they should have recognized as necessary for the protection of Plaintiff's person and failed and, their failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A; and,

   e. Duty not to improperly use deadly weapons against foreseeable victims.

74. The actions of the Individual Defendant officers wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

75. The Individual Defendant officers' actions in acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

76. The Individual Defendant officers' actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

77. Under MCL 691.1407, citizens may maintain an action in tort against police Defendants whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

78. As a direct and proximate result of the Individual Defendant officers' actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 27.

**WHEREFORE**, Plaintiff demands judgment against this Defendant in an amount to be determined by a jury after a trial by jury, compensatory damages, punitive damages, interest, costs, attorney fees and any/all other relief this Court may deem appropriate, whether legal or equitable.

Dated: May 16, 2023

Respectfully submitted,
**KHAMO LAW**

/s/ Brandon McNeal
Brandon McNeal (P81300)
Attorneys for Plaintiff

## **JURY DEMAND**

**NOW COMES** the Plaintiff and demands trial of his cause by jury.

Dated: May 16, 2023

                                              Respectfully submitted,
                                              **KHAMO LAW**

                                              /s/  Brandon McNeal
                                              Brandon McNeal (P81300)
                                              Attorneys for Plaintiff